# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1087 ABC (FFMx) | Date | May 29, 2008 |
|---|---|---|---|
| Title | Sanford Gaum v. XTC Investments, LLC | | |

O

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Daphne Alex | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**     ORDER DISMISSING Plaintiff's Complaint with Prejudice and Denying Defendant's Motion to Strike Pursuant to California's Anti-SLAPP Statute (In Chambers)

Pending before the Court is Defendant XTC Investments, LLC's ("Defendant's") Motion to Strike Pursuant to California's Anti-SLAPP Statute, filed on May 9, 2008. Plaintiff Sanford Gaum opposed on the same day, May 9, 2008 (and supplemented the opposition on May 11, 2008), and Defendant replied on May 27, 2008. The Court finds this matter appropriate for resolution without oral argument and VACATES the June 2, 2008 hearing date. Fed. R. Civ. Proc. 78; Local Rule 7-15. For the reasons herein, the Court DISMISSES this case for lack of jurisdiction. The Court DENIES Defendant's motion to strike as MOOT and DENIES Defendant's request for attorney's fees.

The litigation between these parties began in 2005 in Case No. CV 05-272 NM (MANx), brought by Defendant against Plaintiff and other entities. Defendant obtained a default judgment against Plaintiff on April 7, 2006 for $628,051.33. Since that date, Defendant has commenced several enforcement actions to collect this judgment, none of which has apparently succeeded. Plaintiff answered one of these enforcement actions, brought in state court, on December 20, 2006. Plaintiff has now filed this lawsuit seeking to enjoin Defendant from pursuing any further enforcement actions against him based on alleged fraud used to obtain the original default judgment.

Defendant has styled the instant motion to strike as one under the California anti-SLAPP statute, California Code of Civil Procedure § 425.16. The Court declines to address the merits of Defendant's anti-SLAPP motion because Defendant has raised a jurisdictional question under Federal Rule of Civil Procedure 60(b) that demands resolution by the Court before Defendant's motion can be adjudicated. The Court may raise and resolve its own subject-matter jurisdiction sua sponte. See Fed. R. Civ. Proc. 12(h)(3).

Rule 60(b) governs relief from a final judgment: "On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1087 ABC (FFMx) | Date | May 29, 2008 |
|---|---|---|---|
| Title | Sanford Gaum v. XTC Investments, LLC | | |

mistake, inadvertence, surprise, or excusable neglect] or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." This rule compels any challenge on these bases to be brought within a "reasonable time – and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Proc. 60(c). Rule 60(b) also allows a court to vacate a judgment that is void or for "any other reason that justifies relief"; these grounds are not limited to the one-year constraint, but a motion must still be brought within a "reasonable time" after judgment is entered. Rule 60's time limitation is jurisdictional, so any challenge filed after one year on the first three grounds or outside of a "reasonable time" for the other grounds cannot be heard by the Court. See Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006) ("This time limit is jurisdictional and cannot be extended.").

First, Plaintiff's new claim for an injunction is clearly a Rule 60(b)(3) motion to set aside the prior judgment for fraud. The gravamen of Plaintiff's complaint is Defendant's alleged intentional failure to disclose to the district court three circumstances that might have precluded entry of default judgment: (1) Defendant's corporate status had been revoked on July 1, 2005; (2) a prior attorney for Defendant failed to advise the court that he had once represented Plaintiff in an unrelated matter five years earlier; and (3) Plaintiff was allegedly never served in the original case. Plaintiff makes no attempt either in his complaint or in his opposition to the pending motion to explain why these matters are not the proper subject of a Rule 60(b) motion, and allowing Plaintiff to bring a claim for injunctive relief now would eviscerate the purpose and the language of Rule 60(b). If Plaintiff has a complaint about the judgment entered against him, he must adhere to the federal rules provided for challenging that judgment, rather than filing a new action under the guise of injunctive relief.

The Court must treat Plaintiff's complaint as a motion under Rule 60(b), and, as such, it is untimely under any measure. The district court entered judgment against Plaintiff on April 7, 2006, and, since Plaintiff's claims are properly considered fraud, he had until April 7, 2007 to move to set aside the judgment. He filed the instant case on February 19, 2008, almost two years after entry of judgment. Moreover, even if Plaintiff's claims of fraud can properly be characterized as falling within Rule 60(c)(6) as "any other reason to justify relief" and subject only to the "reasonable time" limit after entry of judgment, Plaintiff has failed to explain why his 20-month delay is reasonable. Plaintiff has failed to offer any evidence or argument that these matters were concealed or not reasonably discoverable until now, and absent that, the Court concludes that 20 months is far too long to be considered a "reasonable time". Cf. Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir. 1987) (noting that a Rule 60(b) motion may be denied even if brought within one year).

The Court concludes that Plaintiff's complaint is an improper attempt to set aside the prior judgment under Rule 60 and Plaintiff has failed to satisfy Rule 60(b) to set aside the judgment. This issue is jurisdictional, so the Court DISMISSES Plaintiff's complaint with prejudice. Defendant's anti-SLAPP motion is DENIED as MOOT and Defendant's request for attorney's fees is DENIED.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1087 ABC (FFMx) | Date | May 29, 2008 |
|---|---|---|---|
| Title | Sanford Gaum v. XTC Investments, LLC | | |

O

_____ : _____

Initials of Preparer             DA